# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL EUGENE FRAZER, | ) | 1:08cv01717 AWI GSA |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| | ) | |
| TURNING POINT OF CALIFORNIA, and UNITED STATES FEDERAL BUREAU OF PRISONS | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Daniel Eugene Frazer ("Plaintiff") is proceeding pro se in the instant action filed on October 27, 2008. He also filed a request to proceed in forma pauperis on that same day, however, he did not provide the court with all of the necessary information. On December 1, 2008, the court issued an order requiring that Plaintiff either submit a completed in forma pauperis application or in the alternative pay the filing fee. (Doc. 4). On December 16, 2007, the order was returned by the U.S. Postal Service as undeliverable. The envelope was returned as undeliverable and included a notation "OUT OF CUSTODY." Plaintiff has not complied with the court's order.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court advised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

1

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over sixty days have passed since Plaintiff's mail was returned and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439,1440 (9th Cir. 1988).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since October 27, 2008. The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Plaintiff based on his failure to keep the court advised of his current address, no lesser sanction is feasible.

## **RECOMMENDATION**

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for Plaintiff's failure to prosecute.

This findings and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1 | Within thirty (30) days after being served with a copy, Plaintiff may file written objections with
2 | the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
3 | Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28
4 | U.S.C. § 636 (b)(1)(C).  Plaintiff is advised that failure to file objections within the specified
5 | time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
6 | (9th Cir. 1991).

19   IT IS SO ORDERED.

20   Dated:   **February 25, 2009**               **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE